PROB 12C
(6/16)

Report Date: November 23, 2021

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 23, 2021

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Louis Mark Clark           Case Number: 0980 2:19CR00035-RMP-1

Address of Offender:                         Airway Heights, Washington 99001

Name of Sentencing Judicial Officer:  The Honorable Rosanna Malouf Peterson, Senior U.S. District Judge

Date of Original Sentence: January 14, 2020

Original Offense:    Crime on Indian Reservation, Assault Resulting in Serious Bodily Injury, 18 U.S.C. §§ 113(a)(6), and 1153

Original Sentence:   Prison - 24 months;           Type of Supervision: Supervised Release
                     TSR - 36 months

Asst. U.S. Attorney: Richard R. Barker           Date Supervision Commenced: February 26, 2021

Defense Attorney:    Andrea K. George           Date Supervision Expires: February 25, 2024

## PETITIONING THE COURT

To issue a warrant.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition #6:** You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.<br><br>**Supporting Evidence:** Mr. Clark is alleged to have violated the terms of his supervised by failing to submit to drug testing on November 2, 2021.<br><br>On February 26, 2021, the judgment and sentence was reviewed telephonically with Mr. Clark due to the COVID-19 limitations. Mr. Clark stated he understood the conditions of his term of supervised release, which included special condition number 6.<br><br>On November 2, 2021, this officer directed Mr. Clark to submit to drug testing after receiving information from the Airway Heights Police Department that Mr. Clark was the subject of a domestic violence incident. Mr. Clark understood and indicated on November 2, 2021, he was to report to Pioneer Behavioral Health (PBH) for a drug screen.<br><br>On November 3, 2021, this officer received notification from PBH that Mr. Clark had failed to submit to testing. During an unannounced home visit on November 3, 2021, Mr. Clark indicated he did not make it to the testing center on time and did not think to contact this officer after he missed his testing. |

Prob12C
**Re: Clark, Louis Mark**
**November 23, 2021**
**Page 2**

| | | |
|---|---|---|
| 2 | | **Special Condition #6:** You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |

**Supporting Evidence**: Mr. Clark is alleged to have violated the terms of his supervised release by using controlled substances marijuana, methamphetamine, amphetamine, and benzoylecgonine-cocaine metabolite, on or about November 3, 2021.

On February 26, 2021, the judgment and sentence was reviewed telephonically with Mr. Clark due to the COVID-19 limitations. Mr. Clark stated he understood the conditions of his term of supervised release, which included special condition number 6.

As a result of Mr. Clark failing to submit to drug testing on November 2, 2021, a urine sample was collected from Mr. Clark during the home visit on November 3, 2021. The test yielded presumptive positive for cocaine, methamphetamine, and marijuana. Mr. Clark admitted to using marijuana on Saturday, October 30, 2021, but denied using any other substances. The urine sample was sent off to the national lab for confirmation. On November 12, 2021, the national lab confirmed the urine sample was positive for marijuana, methamphetamine, amphetamine, and benzoylecgonine-cocaine metabolite.

3      **Mandatory Condition #2:** You must not unlawful possess a controlled substance, including marijuana, which remains illegal under federal law.

**Supporting Evidence**: Mr. Clark is alleged to have violated the terms of his supervised release by possessing marijuana on or about November 3, 2021.

On February 26, 2021, the judgment and sentence was reviewed telephonically with Mr. Clark due to the COVID-19 limitations. Mr. Clark stated he understood the conditions of his term of supervised release, which included mandatory condition number 2.

During an unannounced home visit on November 3, 2021, this officer seized a pipe containing marijuana that was in plain sight on Mr. Clark's television console, as well as a cannister containing marijuana, which was sitting on Mr. Clark's toddler's bed. Mr. Clark indicated both items belonged to his girlfriend's cousin, who had been visiting prior to this officer's arrival. Mr. Clark was reminded he was prohibited from possessing marijuana.

4      **Special Condition #6:** You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Mr. Clark is alleged to have violated the terms of his supervised release by using a controlled substance methamphetamine and amphetamine, on or about November 9, 2021.

On February 26, 2021, the judgment and sentence was reviewed telephonically with Mr. Clark due to the COVID-19 limitations. Mr. Clark stated he understood the conditions of his term of supervised release, which included special condition number 6.

Prob12C
**Re: Clark, Louis Mark**
**November 23, 2021**
**Page 3**

        Mr. Clark reported to the office as directed on November 9, 2021. During the visit, it was requested he submit to a drug screen. The sample yielded positive for marijuana and methamphetamine. He denied any use of methamphetamine and previously admitted to using marijuana at the end of October 2021, as noted above. On November 19, 2021, the national lab confirmed the sample was positive for amphetamine and methamphetamine.

5      **Special Condition #4:** You must undergo a substance abuse evaluation and if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order to the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

      **Supporting Evidence**: Mr. Clark is alleged to have violated the terms of his supervised release by failing to engage in a substance abuse evaluation at the direction of this officer on or about November 23, 2021.

      On February 26, 2021, the judgment and sentence was reviewed telephonically with Mr. Clark due to the COVID-19 limitations. Mr. Clark stated he understood the conditions of his term of supervised release, which included special condition number 4.

      During Mr. Clark's office visit on November 9, 2021, he was directed to call Pioneer Behavioral Health (PBH) to make an appointment for a substance abuse evaluation. As of November 19, 2021, Mr. Clark has failed to do so according to the staff at PBH.

      Mr. Clark reported to the office on November 22, 2021, indicating he had decided to not call PBH, but made an appointment with Spokane Addiction Recovery Center (SPARC). During the visit, it was confirmed his appointment for November 22, 2021 at 5:30pm. He was provided the directions to SPARC as he did not know where it was located and left the building at 4:30 pm. Mr. Clark had ample time to make his appointment. On November 23, 2021, this officer contact SPARC who reported Mr. Clark was a "no show." He has not contacted this officer with an explanation.

6      **Standard Condition #2:** After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

      **Supporting Evidence:** Mr. Clark is alleged to have violated the terms of his supervised release by failing to report as directed on November 15, 2021.

      On February 26, 2021, the judgment and sentence was reviewed telephonically with Mr. Clark due to the COVID-19 limitations. Mr. Clark stated he understood the conditions of his term of supervised release, which included standard condition 2.

      Following Mr. Clark's office visit on November 9, 2021, it was agreed he would check in telephonically on Monday, November 15, 2021. Mr. Clark failed to do so. This officer has attempted to make contact with Mr. Clark and no response had been received. He ultimately reported to the office on November 22, 2021, after a message had been relayed to his girlfriend. However, he failed to comply with instructions after he left the office.

Prob12C
Re: Clark, Louis Mark
November 23, 2021
Page 4

The U.S. Probation Office respectfully recommends the Court issue a **warrant** requiring the offender to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   Emely Cubias
11/23/2021

Emely Cubias
U.S. Probation Officer

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[X]   The Issuance of a Summons
[ ]   Other

Signature of Judicial Officer

11/22/2021

Date