PROB 12C
(6/16)

Report Date: January 12, 2022

# United States District Court

#### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 12, 2022

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Louis Mark Clark | Case Number: 0980 2:19CR00035-RMP-1 |
| Address of Offender: | Airway Heights, Washington 99001 |

Name of Sentencing Judicial Officer:  The Honorable Rosanna Malouf Peterson, Senior U. S. District Judge

Date of Original Sentence: January 14, 2020

| | | |
|---|---|---|
| Original Offense: | Crime on Indian Reservation, Assault Resulting in Serious Bodily Injury, 18 U.S.C. §§ 113(a)(6), 1153 | |
| Original Sentence: | Prison - 24 months; TSR - 36 months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | Richard R. Barker | Date Supervision Commenced: February 26, 2021 |
| Defense Attorney: | Payton B. Martinez | Date Supervision Expires: February 25, 2024 |

### PETITIONING THE COURT

To **issue a WARRANT** and to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court on 11/23/2021, and 12/10/2021.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 8 | **Special Condition #4:** You must undergo a substance abuse evaluation and if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order to the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider. |
| | **Supporting Evidence**: Mr. Clark is alleged to have violated the terms of his supervised release by failing to engage in intensive outpatient treatment since approximately December 30, 2021. |
| | On February 26, 2021, the judgment and sentence was reviewed telephonically with Mr. Clark due to the COVID-19 limitations. Mr. Clark stated he understood the conditions of his term of supervised release, which included special condition number 4. |
| | On December 28, 2021, this officer contacted Pioneer Human Services (PHS) requesting an update on Mr. Clark's performance. They advised that Mr. Clark was scheduled to attend his first group on December 30, 2021. On January 4, 2022, this office contacted PHS for another |

update, they advised Mr. Clark had yet to engage in treatment as recommended and would need to call their office for an admission appointment.

9     **Standard Condition #2**: After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.

**Supporting Evidence**: Mr. Clark is alleged to have violated the terms of his supervised release by failing to report as directed on December 29, 2021, and January 7, 2022.

On February 26, 2021, the judgment and sentence was reviewed telephonically with Mr. Clark due to the COVID-19 limitations. Mr. Clark stated he understood the conditions of his term of supervised release, which included standard condition number 2.

In response to learning that Mr. Clark was not engaging in treatment services, this officer contacted Mr. Clark by phone on December 29, 2021. Mr. Clark failed to return this officer's call. This officer again attempted to make contact with Mr. Clark on January 5, 2022, and again Mr. Clark failed to call this officer back. In the voicemail left for Mr. Clark on January 5, 2022, this officer advised him that if he did not attempt to make contact with this officer by the end of the day, this officer would assume he was no longer willing to engage in supervision.

10     **Special Condition #6:** You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Mr. Clark is alleged to have violated the terms of his supervised release by failing to submit to drug testing on December 7, 2021.

On February 26, 2021, the judgment and sentence was reviewed telephonically with Mr. Clark due to the COVID-19 limitations. Mr. Clark stated he understood the conditions of his term of supervised release, which included special condition number 6.

Due to this officer being unable to reach Mr. Clark telephonically, a random home visit was conducted to see if he could be located at his residence. A fellow officer reached Mr. Clark at his residence and directed him to report for a drug screen at Pioneer Human Services (PHS) on the same date, January 7, 2022. On January 11, 2022, this officer learned that Mr. Clark did not show up for testing as directed.

11     **Standard Condition #4**: You must be truthful when responding to the questions asked by the probation officer.

**Supporting Evidence**: Mr. Clark is alleged to have violated the terms of his supervised release by being dishonest when questioned by this probation officer on January 7, 2022.

On February 26, 2021, the judgment and sentence was reviewed telephonically with Mr. Clark due to the COVID-19 limitations. Mr. Clark stated he understood the conditions of his term of supervised release, which included standard condition number 4.

Prob12C
Re: Clark, Louis Mark
January 12, 2022
Page 3

During the unannounced home visit conducted on January 7, 2022, Mr. Clark reported to the officer he was working late doing snow removal. On January 11, 2022, this officer made contact with Mr. Clark's prior employer, who reported Mr. Clark was offered to work in snow removal; however, Mr. Clark had not returned or made contact with the business since the first week of December 2021.

12   **Special Condition #6:** You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Mr. Clark is alleged to have violated the terms of his supervised release by admitting to continued use of marijuana, noting he had used marijuana "sometime between December 24, 2021, and January 1, 2022."

On February 26, 2021, the judgment and sentence was reviewed telephonically with Mr. Clark due to the COVID-19 limitations. Mr. Clark stated he understood the conditions of his term of supervised release, which included special condition number 6.

During the home visit on January 7, 2022, Mr. Clark admitted to the officer he had used marijuana "sometime between Christmas and New Years day" after learning his mother has cancer.

13   **Standard Condition #7**: You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence**: Mr. Clark is alleged to have violated the terms of his supervised release by failing to maintain employment since or about the first week of December 2021.

On February 26, 2021, the judgment and sentence was reviewed telephonically with Mr. Clark due to the COVID-19 limitations. Mr. Clark stated he understood the conditions of his term of supervised release, which included standard condition number 7.

On January 11, 2022, this officer spoke to Mr. Clark's employer, who reported Mr. Clark has not reported for work since the first week of December 2021.

14   **Special Condition #6:** You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Mr. Clark is alleged to have violated the terms of his supervised release by continuing to use marijuana use marijuana prior to each drug screen collection on December 9 and 14, 2021.

Prob12C
Re: Clark, Louis Mark
January 12, 2022
Page 4

On February 26, 2021, the judgment and sentence was reviewed telephonically with Mr. Clark due to the COVID-19 limitations. Mr. Clark stated he understood the conditions of his term of supervised release, which included special condition number 6.

On January 10, 2022, this officer requested Mr. Clark's urine samples from December 9 and 14, 2021 (previously confirmed for marijuana) be analyzed by the national lab to determine whether or not Mr. Clark had continued to use marijuana after October 30, 2021. On January 11, 2022, the national lab reported based on the level of THC contained in Mr. Clark's drug screen's at each collection, it was their opinion Mr. Clark reused marijuana prior to each collection.

15  **Standard Condition #2**: After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.

**Supporting Evidence**: Mr. Clark is alleged to have violated the terms of his supervised release by failing to report to the officer as directed on January 12, 2022.

On February 26, 2021, the judgment and sentence was reviewed telephonically with Mr. Clark due to the COVID-19 limitations. Mr. Clark stated he understood the conditions of his term of supervised release, which included standard condition number 2.

On January 7, 2022, during the home visit, Mr. Clark was directed to report to the office on January 12, 2022. Mr. Clark contacted this officer via text on January 12, 2022, at approximately 8 a.m., indicating he was running 20 minutes late and wanted to know what the nature of the meeting was. This officer advised it was to discuss his current violations and how to help him get back into compliance. He did not provide an expected time of arrival.

The U.S. Probation Office respectfully recommends the Court to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court, and that the Court **issue a WARRANT.**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   January 12, 2022

s/Emely Cubias

Emely Cubias
U.S. Probation Officer

Prob12C
**Re: Clark, Louis Mark**
**January 12, 2022**
**Page 5**

THE COURT ORDERS

[ ]  No Action
[X]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[ ]  The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]  Defendant to appear before the Judge assigned to the case.
[X]  Defendant to appear before the Magistrate Judge.
[ ]  Other

_Rosanna Malouf Peterson_
Signature of Judicial Officer

1/12/2022
Date